IN THE UNITED STATES DISTRICT COURT
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Robert Martin, | : | |
| Petitioner | : | Civil Action 2:14-cv-0235 |
| v. | : | Judge Smith |
| Ohio Adult Parole Authority, | : | Magistrate Judge Abel |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

Plaintiff Robert Martin, a State prisoner, brings this action under 28 U.S.C. §1983 alleging that the Ohio Adult Parole Authority unlawfully continues to imprison him. This matter is before the Magistrate Judge in accordance with the provisions of 28 U.S.C. §636(b)(1)(B) for a report and recommendation on defendants' May 15,2014 motion to dismiss (doc. 10).

Petitioner makes two principal arguments: (1) he has the right under Ohio Revised Code § 5120.50 to be transferred to Vermont to serve the remainder of his sentence and (2) Ohio's 1998 parole guidelines violate the *Ex Post Facto* Clause and subjected him to cruel and unusual punishment in violation of the Eighth Amendment.

Interstate Correction Compact. Ohio Revised Code § 5120.50(C)(1) provides that a state that is a signatory to the compact may make a contract with another state for prisoners to serve their sentences in that other state. Section 5120.50 speaks only to the rights of states to enter contracts with other states to house its prisoners. The only right expressly given a

prisoner is to a hearing if the prisoner does not consent to a transfer. Ohio Revised Code § 5120.50(D)(2). It gives prisoners no right to be transferred to another state. Indeed, the state has the right at all times under the compact to remove the prisoner from the transferee state's prison.  Ohio Revised Code § 5120.50(D)(4). Consequently, the petition fails to state a claim for relief under Ohio Revised Code § 5120.50. Further, even if the court were to assume that defendants violated state law by refusing to transfer plaintiff to a Vermont prison, that conduct would not be actionable as a violation of a right arising under the constitution and laws of the United States. See, *Michael v. Ghee*, 498 F.3d 372, 375-76 (6th Cir. 2007).

    1998 Parole Guidelines. The petition alleges that the 1998 Ohio parole guidelines violated the *Ex Post Facto Clause* and imposed cruel and unusual punishment in violation of the Eighth Amendment. However, the petition alleges that petitioner's rights were violated during a 2012 parole release hearing. The 1998 parole guidelines were rescinded in 2010. Consequently, petitioner's attack on the 1998 guidelines is moot. See, *Berk v. Mohr*, No. 2:10-cv-1082, 2012 WL 3780303, *7 (S.D. Ohio August 31, 2012); *Richard v. Mohr*, No. 2:13-cv-1013, 2014 WL 868242, at *8 (S.D. Ohio March 5, 2014).

    There is no Eighth Amendment violation because Martin is serving a life sentence.[1] *Morehouse v. Mausser*, No. 2:10-cv-45, 2011 WL 249490, at *6 (S.D. Ohio January 26, 2011). Petitioner has no constitutional right to parole, as he has no right to be released before the

---

[1] *Martin v. Lazaroff*, No. C2-00-13, 2000 WL 1456918, at*1 (S.D. Ohio September 19, 2000)(Martin serving a sentence of eight years to life imprisonment). See, Ohio Department of Rehabilitation and Correction Offender Search, http://www.drc.ohio.gov/ offendersearch/ details.aspx?id=A138186.

expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska*, 442 U.S. 1, 7 (1979). Ohio has created no liberty interest in parole as its parole system is completely discretionary.

For the reasons set out above, the Magistrate Judge **RECOMMENDS** that respondents' May 15,2014 motion to dismiss (doc. 10) be **GRANTED.**

If any party objects to this Report and Recommendation, that party may, within fourten (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civil. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

                                                s/Mark R. Abel
                                                United States Magistrate Judge